NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued April 16, 2015
Decided April 17, 2015

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3155

MICHAEL S. SANDERS,
    *Plaintiff-Appellant,*

*v.*

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,
    *Defendant-Appellee.*

Appeal from the United
States District Court for the
Central District of Illinois.

No. 13-2098
David G. Bernthal, *Magistrate
Judge.*

**Order**

After Michael Sanders applied for disability insurance benefits, an administrative law judge determined that because of his depression, anxiety, post-traumatic stress disorder, and personality disorder, he could no longer perform his job as a deputy sheriff. But the ALJ found that he could perform "a full range of work at all exertional levels but with the following nonexertional limitations: [he] may not work in excessively noisy environments; [he] may have no work with the general public; [he] needs a stable work environment with limited changes; there must be no high time-rate pressures; [he] may have only superficial interaction with coworkers; and no work dealing with the effects

of violence." A vocational expert then testified, and the ALJ found, that jobs are available for people with such limitations. This led the ALJ to deny the application for benefits. A magistrate judge, hearing the case by consent under 28 U.S.C. §636(c), found that decision supported by substantial evidence.

Sanders does not contest the ALJ's decision that, if he has only the limitations the ALJ found, then he is not disabled. But he says that his condition is more severe than the ALJ concluded. The principal difficulty with his position is that none of the examining physicians came to the conclusion that he is unable to do any kind of work. One physician opined that Sanders could not do any of the jobs in the Sheriff's Department, but that is a far cry from concluding that he could not do any of the jobs available in the economy as a whole.

Asked at oral argument whether even his own best evidence supports his attack on the ALJ's conclusion, Sanders's lawyer fell back on the fact that the Veterans' Administration has rated Sanders 70% disabled. That is certainly a salient fact—and the ALJ took it into account—but it is not dispositive. The VA and the Social Security Administration use different standards, and the VA expects that someone with a 70% disability rating can perform some gainful employment.

Sanders's brief maintains that the ALJ gave too little weight to his evidence and too much weight to the possibility (which some physicians mentioned) that he was exaggerating his condition—which led the ALJ to find that Sanders was not credible when testifying about the severity of his problems. These arguments repackage in slightly different language a contention that the ALJ should have ruled in his favor because the evidence favors him. But an ALJ's job is to weigh conflicting evidence, and the loser in such a process is bound to believe that the finder of fact should have been more favorable to his cause. The substantial-evidence standard, however, asks whether the administrative decision is rationally supported, not whether it is correct (in the sense that federal judges would have reached the same conclusions on the same record). The ALJ's decision is supported by substantial evidence and free from procedural error.

AFFIRMED